UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASON A. ROBERTS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:16 CV 241 RWS |
| | ) |
| CINDY GRIFFITH, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before me upon the petition of Missouri state prisoner Jason Roberts for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Doc. 1). After carefully considering his petition (Doc. 1), respondent's brief (Doc. 10), and petitioner's reply (Doc. 11), I deny the petition for the reasons set forth below. An appropriate Judgment Order is issued herewith.

## BACKGROUND

Petitioner Jason Roberts pleaded guilty to voluntary manslaughter, as a prior and persistent offender, on July 3, 2013 in the 24th Judicial Circuit Court of Missouri, St. Francois County. (Doc. 10, Ex. 1 at 3). He was sentenced to a term of life imprisonment. (*Id.*). He moved for post-conviction review ("PCR"), alleging 1) that his plea counsel failed to fully resolve his concerns before proceeding with his guilty plea, 2) that his relationship with plea counsel's ex-wife created a disqualifying conflict of interest, and 3) that the prosecution failed to establish that he was a prior and persistent offender for sentencing purposes. (*Id.* at 29-30; *see also id.* at 40-55). After his PCR motion was unsuccessful, he appealed to the Court of Appeals for the Eastern District of Missouri on the sole ground that his plea counsel had pressured him

into accepting his guilty plea. (*Id.*, Ex. 2 at 11). The Missouri Court of Appeals affirmed the motion court's order on May 12, 2015. (*Id.*, Ex. 4).

Now, in his timely-filed *habeas* petition, Roberts again presents each of his three claims and requests that I grant an evidentiary hearing. (Doc. 1). Respondent argues that Roberts' first claim was correctly decided on the merits in state PCR and appellate courts. (Doc. 10 at 2). Respondent further argues that Roberts' additional claims are procedurally defaulted because they were not presented to the Missouri Court of Appeals; in the alternative, respondent argues that they are without merit. (*Id.*).

## LEGAL STANDARD

*1. Exhaustion and Procedural Bar*

State prisoners are required to first exhaust their state law remedies before bringing a petition under 28 U.S.C. § 2254. If a prisoner "has the right under the law of the State to raise, by any available procedure, the question presented[,]" he has not exhausted his state law remedies. 28 U.S.C. § 2254(c). In Missouri, an appeal to the intermediate state appellate court sufficiently exhausts state remedies to permit federal *habeas* review under § 2254. *See* Mo. Sup. Ct. R. 83.04; *Randolph v. Kemna*, 276 F.3d 401, 404 (8th Cir. 2002) ("Rule 83.04... makes clear that Missouri does not consider a petitioner who bypasses its supreme court in favor of federal *habeas* review to have denied the State its rightful opportunity to resolve federal constitutional claims.") (citations omitted).

Federal *habeas* review "[is] guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary… within our system of federalism[,] [including] the doctrine of procedural default[.]" *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). Procedural default

2

occurs "when a prisoner violates a state procedural rule and this violation serves as an independent and adequate state-law basis to uphold the state courts' dismissal of a claim, thereby precluding consideration of federal claims on direct appeal." *Franklin v. Hawley*, 879 F.3d 307, 311 (8th Cir. 2018) (internal citation omitted).

*2. Adjudication on the Merits*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *habeas* relief can only be granted by a federal court on a claim that has been decided on the merits by a state court when that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

In order for a state court decision to be "contrary to" Supreme Court precedent, it must arrive at an opposite result than the Supreme Court when confronting facts that are materially indistinguishable from a relevant Supreme Court precedent. 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 405 (2000). When analyzing claims under 28 U.S.C. § 2254(d)(2), "a determination of a factual issue made by a State Court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). In order to rebut this presumption, a petitioner must present clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see Weaver v. Bowersox*, 241 F.3d 1024, 1030 (8th Cir. 2001).

*3. Ineffective Assistance of Counsel*

Prevailing on an ineffective assistance of counsel ("IAC") claim requires petitioner to demonstrate both (1) "that counsel's performance was deficient" and (2) "that deficient performance prejudiced the defense… [so] as to deprive the defendant of a fair trial." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Court's review of counsel's effectiveness is "highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

The same standard applies to IAC allegations in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). When determining whether plea counsel was incompetent, the petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 57 (citations omitted). In the context of a guilty plea, analysis of prejudicial effect "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process . . . [such that] but for counsel's error, he would not have pleaded guilty and would have instead gone to trial." *Id.* at 59.

## ANALYSIS

*1. Roberts' first claim was reasonably adjudicated on the merits in state court.*

Roberts alleges that he received ineffective assistance from his plea counsel when counsel "[failed] to resolve [Roberts'] equivocation about pleading guilty prior to court date, which led to [him] feeling pressured to plead guilty." (Doc. 1 at 5). The Circuit Court and the

4

Missouri Court of Appeals held that this claim was refuted by the plain reading of the record. (Doc. 10, Ex. 1 at 64-65, Ex. 4 at 9).

Upon review, I agree with the state courts and conclude that the record does not support Roberts' allegation. Indeed, if anything, the record reflects that the Circuit Court[1] fully and carefully evaluated the basis for Roberts' guilty plea, as evidenced by the following exchange:

> Q: Has your attorney investigated the case to your full satisfaction?
> A: No.
> Q: He has not? So you're dissatisfied with your attorney?
> A: I am satisfied, but I'm just…
> Q: Then you don't want to plead guilty then?
> A: I am pleading guilty, yes.
> Q: No, sir, not if you're dissatisfied with your attorney.
> A: Then I am satisfied with him.
> Q: Sir, if you don't think he did a good job for you –
> A: No. He did.
> Q: Just a minute. Let me finish. Let me tell you, sir, it doesn't work like that. I want to be sure this is what you want to do and that you're satisfied with your attorney's representation. No one is pushing you. You're not going to be railroaded. You don't have to plead guilty. And if you don't think Mr. Williams is a good attorney and hasn't done a good job for you and you're not satisfied with what he has done to represent you, then I am not sure that we can go ahead at all with this plea.
> A: I am satisfied.
> Q: Are you changing your mind?
> A: No, sir.
> Q: Why do you – did you first tell me that you were not satisfied with –
> A: Mistake of words.
> Q: Beg your pardon?
> A: Mistake of words.
> Q: You were mistaken in what you said?
> A: Yeah. I am just going too fast.

(Doc. 10, Ex. 1 at 18). Nor was the Circuit Court in any hurry to accept Roberts' explanation of mistake without fully developing it:

---

[1] The Honorable Kenneth W. Pratte, presiding.

5

> Q: I think the question I asked you was the very first question on my list is, has your attorney investigated the case to your full satisfaction? That is a very important question. I am asking you if this man as your attorney has looked into this case, knows what the State's evidence would be, knows how to defend you in the case. Has he done all those things?
> A: Yes, he has.
> Q: He has done those things?
> A: Yes.
> Q: Do you understand that you do not have to plead guilty here today?
> A: Yes.
> Q: Has your attorney interviewed all the witnesses that you know of in the case?
> A: Yes.
> Q: Do you know of any witnesses that you wanted your attorney to interview that he didn't interview?
> A: No.
> Q: Were there any alibi witnesses in the case to your knowledge?
> A: No.
> Q: Has your attorney done all the things that you have requested him to do for you in your case?
> A: Yes.
> Q: Has your attorney refused to do anything for you in your case that you thought he should have done for you?
> A: No.

(*Id.*).

Eighth Circuit precedent permits district courts to deny evidentiary hearings attacking a guilty plea where the knowing and voluntary nature of the plea is established by the record. *See Tran v. Lockhart*, 849 F.2d 1064, 1068 (8th Cir. 1998) (holding that district court was not required to hold an evidentiary hearing where appellant's claim that he did not understand sufficient English to provide knowing and voluntary plea was belied by plain reading of colloquy); *see also United States v. Taliaferro*, 131 Fed. Appx. 500, 502 (8th Cir. 2005) (finding guilty plea knowing and voluntary, despite appellant's claim to feeling "rushed and pressured," where colloquy demonstrated that appellant knew the crimes to which he was pleading, knew their punishments, knew the rights he was waiving by pleading, and was not forced, coerced, or

6

threatened to plead). For a guilty plea to be knowing and voluntary, justice requires that it be made without undue coercion and with a full understanding of its alternatives and consequences; it does not require the defendant's absolute equanimity.

*2. Roberts' second and third claims are procedurally defaulted.*

Roberts raised his second and third claims in his motion for post-conviction relief, but did not pursue them on appeal. In Missouri, "a claim must be presented 'at each step of the judicial process' in order to avoid default." *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994) (quoting *Benson v. State*, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)).

Roberts alleges that *Martinez v. Ryan* excuses this procedural default. (Doc. 11 at 2). *Martinez* provides that:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez v. Ryan*, 566 U.S. 1, 17 (2012).

The Eighth Circuit construes *Martinez* narrowly: "*Martinez* offers no support… for the contention that the failure to preserve claims on appeal from a post-conviction proceeding can constitute cause." *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012). *Arnold* is factually analogous to the case at bar: there, as here, petitioner's appellate counsel preserved only one of multiple grounds argued before the post-conviction circuit court. I therefore reach the same result as the *Arnold* Court and hold that Roberts' second and third claims are procedurally defaulted and not subject to *Martinez v. Ryan* analysis. Because these claims are procedurally defaulted, I do not reach their merits.

*3. A certificate of appealability is not warranted.*

I have considered whether to issue a certificate of appealability in this matter per 28 U.S.C. § 2253. To grant such a certificate, I must first find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)). Upon review of Roberts' claims, I conclude that he has not made such a showing.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the petition of Jason A. Roberts for a writ of *habeas corpus* is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An appropriate Judgment Order is issued herewith.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 24th day of May, 2018.